# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JULIO MARANON,**

        **Plaintiff,**

**-vs-**                                  **Case No.  6:07-cv-1160-Orl-22DAB**

**APPLIANCE DIRECT, INC.,**

        **Defendant.**
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration on referral from the District Judge (Doc. No. 20) and with respect to the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 30)** |
| **FILED:** | **December 7, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

      This is an action under the Fair Labor Standards Act ("FLSA").  Styled as a collective action, Plaintiff, a delivery driver for Defendant, alleges that Defendant failed to pay him and other similarly situated drivers appropriate overtime wages.  At the scheduled settlement conference, Plaintiff's counsel represented that the only named Plaintiff had accepted an Offer of Judgment which included the full value of his claim, plus a like amount in liquidated damages, exclusive of any attorney's fees and costs.  The Offer has yet to be tendered to the Court, pursuant to Rule 68, Fed. R. Civ. Procedure, but the parties have represented that it includes a total amount of $7,750.00.

In addition to the named Plaintiff, several other delivery drivers have filed Notices of Consent to Join (Doc. Nos. 22-27) and Plaintiff's counsel represented that he anticipated numerous additional drivers seeking to opt-in to the suit.  As of the date of this Report, there has been no motion for conditional certification of the collective action and no official action has been taken with respect to notification to the putative opt-in plaintiff class.  The Offer of Judgment was directed solely to the claim of the Named Plaintiff.

In view of the posture of the case, the Court issued an Order: 1) directing the parties to confer on fees and costs and to file a motion, if the parties could not stipulate to an acceptable amount; and 2) allowing Plaintiff's counsel leave to move to amend the Amended Complaint (or file a new action with another plaintiff) in order to address the status of the other drivers (Doc. No. 29).[1]  While Plaintiff has timely filed the instant motion for attorney's fees and costs, no motion to amend has been filed.  As no action has been taken to conditionally certify the action or amend the complaint to include these claims, the only claim presently before the Court is that of the Named Plaintiff.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for

---

[1]While not dispositive of the issue at hand, the Court notes at least one other pre-existing FLSA suit against this Defendant brought in this division by a delivery driver. *See August Williams, Jr. v. Appliance Direct, Inc.,* Case No. 6:07cv0604-GAP-UAM.  That action does not appear to be a collective action.

fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Here, as noted above, the Named Plaintiff will receive his full overtime pay and liquidated damages. As Plaintiff will receive all that he is entitled to, accepting the Offer of Judgment is clearly in his best interest and is not a "settlement" requiring court approval for fairness. Full recompense is *per se* fair. The Offer of Judgment, however, reportedly did not provide for an agreed to amount of attorney's fees, and the parties dispute the appropriate amount due.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). As the mandatory

language of the Act says "in addition to any judgment," a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery. Here, there is no dispute that Plaintiff, having accepted an Offer of Judgment for the full value of his overtime claim, is a prevailing party entitled to an award of attorney's fees and costs. At issue, however, is the reasonableness of those fees sought.

Plaintiff seeks an award of fees in the amount of $4,985.00, calculated at the rate of $300.00 for 13.7 hours of attorney time and $105.00 for 7.0 hours of paralegal time. Defendant contests these amounts, contending that by accepting the Offer of Judgment, Plaintiff mooted the action, thus ending entitlement as to any fees incurred after November 14, 2007 (date of service of the Offer). Defendant also contends that Plaintiff is not entitled to recover fees for tasks relating to the collective nature of the action. Defendant asserts 6.4 hours of attorney time and 4.8 hours of paralegal time is appropriate, for a total of $2,424.00 and costs in the amount of $405.00.

This Court has previously addressed this issue and found that such an offer does moot the controversy, at least as to the plaintiff named. *Holcomb v. The Mortgage House,* 2007 WL 129008 (M.D. Fla. Jan. 13, 2007). Although the defense strategy of using Offers of Judgment to short circuit a collective action is not without its critics, *see Reyes v. Carnival Corp*., 2005 WL 4891058 (S.D. Fla. May 25, 2005), here the Offer was tendered four months after the complaint was filed. Although several other drivers filed Notices of intent to opt in to the suit, these Notices were not filed until after the Offer of Judgment was tendered. As Plaintiff's counsel knew that Plaintiff's claim was moot upon the service of the Offer, an argument can be made that work after that date did not advance the interest of the Named Plaintiff. Here, however, the time sheets reflect that certain work performed after

November 14 was directly related to evaluating whether, in fact, the Offer was an Offer for full compensation.[2]  The Court finds this to be compensable.

The Court disagrees with Defendant's position that Plaintiff's counsel is not entitled to any fees incurred *prior to* the date of the Offer for work relating to the collective action aspect of the case. The case was brought as a collective action.  While Plaintiff could have proceeded solely on his own behalf, he chose to proceed on behalf of himself and others similarly situated, as allowed and contemplated by the statute.  Absent any authority supporting the reductions Defendant suggest, it must take the case as it finds it.

Consistent with the above, the Court recommends excluding the following entries:

Pantas - November 19, 2007 entry, November 28, 2007 entry, all three entries on November 29, 2007, and both entries on December 6, 2007 (a total reduction of 3.10 hours)

Rankin - November 28, 2007 entry and December 6, 2007 entry (a total reduction of 2.0 hours).

The Court thus finds the following time to be reasonable and compensable:  Pantas - 10.6 hours at $300 an hour[3] =  $3,180.00; Rankin - 5.0 hours at $105.00 per hour = $525.00, for a total attorney's fee award of $3,705.00.  Cost should be taxed by the Clerk, consistent with the Bill of Costs filed at Doc. No. 31-2 at pp. 7-11.

It is therefore **respectfully recommended**  that the motion to award attorney's fees and costs be **granted, in part.**  Treating the Offer of Judgment as a stipulated judgment, the Court should direct the Clerk to enter judgment in Plaintiff's favor for the amount of $7,750.00, and attorney's fees in the

---

[2]Specifically, Attorney Pantas' time on November 14 and 15 and meeting with the client on November 20 are allowed.

[3]There is no dispute as to the reasonableness of the hourly charge, and the Court has awarded same to this attorney previously.

amount of $3,705.00.  Costs should be taxed by the Clerk in the ordinary course.  Following entry of

judgment, the case should be closed.

Failure to file written objections to the proposed findings and recommendations contained in

this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking

the factual findings on appeal.

Recommended in Orlando, Florida on December 21, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy